FILED
2017 Sep-25 AM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STEPHENS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:16-cv-00442-SGC |
| DALE ROBERT SNOW, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Presently pending is the motion for partial summary judgment filed by the defendants, Dale Robert Snow ("Snow") and Tidewater Transit Co., Inc. ("Tidewater") (collectively, "Defendants"). (Doc. 20). The motion is unopposed. (Doc. 21). This is a diversity action arising from a motor vehicle accident. Plaintiff seeks to recover damages stemming from the alleged negligence, gross negligence, and/or wantonness as to Snow's conduct (Counts One and Two), and negligent hiring, training, and supervision as to Tidewater's employment of Snow (Count Three). (Doc. 1).

In order to prevail on a claim for wantonness, Plaintiff would have to show that Snow's vehicle was operated in a manner likely to result in injury. *Bozeman v. Central Bank of the South*, 646 So .2d 601 (Ala. 1994). However, an error in judgment is insufficient to demonstrate that an alleged tortfeasor has acted in a manner likely to result in injury. *Cheshire v. Putman*, 54 So. 3d 336, 345 (Ala. 2010). As to Plaintiff's claim that Tidewater is liable for negligently hiring, training, and supervising Snow, he must show that Snow was incompetent to perform his duties and Tidewater knew or should have known of Snow's incompetence. *Mardis v. Robbins Tire & Rubber Co.*, 669 So. 2d 885, 889 (Ala. 1995).

In their motion for partial summary judgment, Defendants contend there is no evidence or allegation that Snow was travelling at an excessive speed or that he was familiar with the area and its typical traffic patterns and, therefore, should have anticipated a slowdown or stoppage in the flow of traffic where the accident occurred. (Doc. 20 at 7). Defendants contend there is no evidence of other circumstances (*e.g.,* intoxication or other recklessness) which could support a finding of wantonness. (*Id.*). As to Tidewater, Defendants contend Snow's history with the company, driving record, and experience all demonstrate he was competent to perform his duties and Tidewater had no reason to think otherwise. (*Id.* at 8-9). In sum, Defendants assert it is undisputed that their conduct does not meet the threshold requirements to be held liable under the causes of action at issue.

Plaintiff does not contest the facts set forth in Defendants' motion and concedes they are entitled to summary judgment as to his claims for wantonness and negligent hiring, training, and supervision. (Doc. 21).[1] Accordingly, the court finds the undisputed facts set forth in the motion establish Defendants are entitled to summary judgment as to Plaintiff's claims for wantonness and negligent hiring, training, and supervision. Therefore, Defendants' motion for partial summary judgment (Doc. 20) is due to be granted.

The parties disagree as to whether the claims should be dismissed with or without prejudice. (Doc. 21 at 1) ("Plaintiff's counsel requests that said claims be dismissed ***without prejudice*** as evidence may be discovered or come out at trial that would satisfy the Plaintiff's evidentiary burden for said claims.") (emphasis original); (Doc. 22) ("By Plaintiff's own

---

[1] In support of his concession, Plaintiff states he has reviewed the applicable law and the evidence submitted in support of Defendants' motion. (Doc. 21 at 1). This evidence includes portions of Snow's deposition testimony (Doc. 20-1), portions of Stephens' deposition testimony (Doc. 20-2), and a copy of Snow's motor vehicle record from the State of North Carolina, where he resides (Doc. 20-3).

admission, there exists no evidence in the record to support any of the claims included in the Defendants' Motion for Partial Summary Judgment."). Certain claims remain to be tried in this matter. Accordingly, though the court grants the motion for partial summary judgment, this judgment is not a final judgment. Fed. R. Civ. P. 54(b) (when fewer than all claims or parties are adjudicated, action is not ended and judgment may be revised). In order to dismiss the claims at issue in Defendants' motion for partial summary judgment with prejudice, the court would have to expressly find there is "no just reason for delay" and that a final judgment as to those claims is warranted. *Id.* Under the circumstances, the court accepts Plaintiff's contention that different or additional evidence may be produced at or before trial and concludes that dismissal without prejudice is appropriate at this time.

For the reasons stated, Defendants' motion for partial summary judgment (Doc. 20) is **GRANTED**. Plaintiff's claims for wantonness and negligent hiring, training, and supervision are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** this 25th day of September, 2017.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE